Model Plan
11/22/2013

Trustee: ☑ Marshall  ☐ Meyer
☐ Stearns  ☐ Vaughn

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re:  ) Case No. __15__ B __02855__
 )
_____Trevor L. Davis_____, )
 )
Debtors.  ) Original   Chapter 13 Plan, dated __01/29/2015__

☑ A check in this box indicates that the plan contains special provisions, set out in **Section G**. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

| Section A *Budget items* | 1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is __3__; (b) their ages are __2 Adults & 12__; (c) total household monthly income is $ __8,783.00__: and (d) total monthly household expenses are $ __7,163.00__, leaving $ __1,620.00__ available monthly for plan payments.<br><br>2. The debtor's Schedule J includes $ __0.00__ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for _____ months prior to filing this case. |
|---|---|
| Section B *General items* | 1. The debtor assumes only the unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.<br><br>2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:<br><br>(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.<br><br>(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.<br><br>3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.<br><br>4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J. |
| Section C *Direct payment of claims by debtor* | ☑ The debtor will make no direct payments to creditors holding prepetition claims. /or/<br>☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters-directly to the following creditors holding claims secured by a mortgage on the debtor's real property:<br>  Creditor: __Wells Fargo Hm Mortgage__, monthly payment, $ __2,600.00__;<br>  Creditor: _____, monthly payment, $ _____.<br>If this box is ☐ checked, additional direct mortgage payments are listed on the *overflow page*. |

1

| Section D<br><br>*Payments by debtor to the trustee; plan term and completion* | 1. *Initial plan term.* The debtor will pay to the trustee $ 1,620.00 monthly for 60 months [and $_____ monthly for an additional _____ months], for total payments, during the initial plan term, of $ 97,200.00 . [Enter this amount on Line 1 of Section H.]<br><br>2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.<br><br>3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan  /or/<br>☑ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2. |
|---|---|
| Section E<br><br>*Disbursements by the trustee* | The trustee shall disburse payments received from the debtor under this plan as follows:<br><br>1. *Trustee's fees.* Payable monthly, as authorized; estimated at 6 % of plan payments; and during the initial plan term, totaling $ 5,832.00 . [Enter this amount on Line 2a of Section H.]<br><br>2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid by the trustee under this plan.<br><br>(a) To creditor _____ , monthly payments of $ _____ .<br>These payments, over the term of the plan, are estimated to total $ 0.00 .<br><br>(b) To creditor _____ , monthly payments of $ _____ .<br>These payments, over the term of the plan, are estimated to total $ 0.00 .<br><br>If this box ☐ is checked, additional current mortgage payments are listed on the overflow page. The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ 0.00 . [Enter this amount on Line 2b of Section H.]<br><br>3.1. *Other claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at the annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):<br><br>(a) Creditor: Mb Fin Svcs           Collateral: 2006 Mercedes E350<br>Amount of secured claim: $ 7,768.00      APR 3.25 % Fixed monthly payment: $ 1,300.00  ;<br>Total estimated payments, including interest, on the claim: $ 8,427.00     ☐ Check if non-PMSI<br><br>(b) Creditor: Fair Deals of Illinois Inc    Collateral: 20012 Oregon Trail; Olympia F<br>Amount of secured claim:$ 16,005.00      APR 0 % Fixed monthly payment: $ 200.00    ;<br>Total estimated payments, including interest, on the claim: $ 16,005.00    ☐ Check if non-PMSI |

| | |
|---|---|
| **Section E**<br><br>*Disburse-*<br>*ments by*<br>*the*<br>*trustee* | If this box ☐ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.<br><br>The total of all payments on these secured claims, including interest, is estimated to be $ 24,432.00       .<br>[Enter this amount on Line 2c of Section H.]<br><br>3.2. *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.<br><br>(a) Creditor: _____    Collateral: _____<br><br>(b) Creditor: _____    Collateral: _____<br><br>If this box ☐ is checked, additional claims covered by this paragraph are listed on the overflow page.<br><br>4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ 4,000.00      .[Enter this amount on Line 2d of Section H.]<br><br>5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.<br><br>(a) To creditor Wells Fargo Hm Mortgage_____ ,<br>arrears of $ 33,472.15   payable monthly from available funds, pro rata with other mortgage arrears,<br>☑ without interest /or/ ☐ with interest at an annual percentage rate of _____%.<br>These arrearage payments, over the term of the plan, are estimated to total $ 33,472.15   .<br><br>(b) To creditor_____ ,<br>arrears of $ _____ payable monthly from available funds, pro rata with other mortgage arrears,<br>☐ without interest /or/ ☐ with interest at an annual percentage rate of _____%.<br>These arrearage payments, over the term of the plan, are estimated to total $ _____.<br><br>If this box ☐ is checked, additional mortgage arrearage payments are listed on the overflow page.<br>The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $ 33,472.15        . [Enter this amount on Line 2e of Section H.]<br><br>6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ 6,632.80                        . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as a priority claim.<br><br>7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:  shall be paid at _____% of the allowed amount. The total of all payments to this special class is estimated to be $_____. [Enter this amount on Line 2g of Section H.] Reason for the special class:_____ . |

| | |
|---|---|
| | 8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or / ☑ to the extent possible from the payments set out in Section D, but not less than ___10___ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.<br><br>9. *Interest.* ☑ Interest shall not be paid on unsecured claims /or / ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____%. [Complete Line 4d of Section H to reflect interest payable.] |
| **Section F**<br>*Priority* | The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. |
| **Section G**<br>*Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. |
| **Section H**<br>*Summary of payments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)      $___97,200.00___<br><br>(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):<br>    (a) Trustee's Fees     $___5,832.00___<br>    (b) Current mortgage payments     $___0.00___<br>    (c) Payments of other allowed secured claims     $___24,432.00___<br>    (d) Priority payments to debtor's attorney     $___4,000.00___<br>    (e) Payments of mortgage arrears     $___33,472.15___<br>    (f) Payments of non-attorney priority claims     $___6,632.80___<br>    (g) Payments of specially classified unsecured claims     $___0.00___<br><br>    (h) Total *[add Lines 2a through 2g]*     $___74,368.95___<br><br>(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*     $___22,831.05___<br><br>(4) Estimated payments required after initial plan term:<br>    (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)     $___33,530.65___<br>    (b) Minimum GUC payment percentage     ___10___ %<br>    (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*     $___3,353.07___<br>    (d) Estimated interest payments on unsecured claims     $_____<br>    (e) Total of GUC and interest payments *[add Lines 4c and 4d]*     $___3,353.07___<br>    (f) Payments available during initial term *[enter Line 3]*     $___22,831.05___<br>    (g) Additional payments required *[subtract Line 4f from line 4e]*     $___-19,477.99___ |

|  |  |  |  |
|---|---|---|---|
|  | (5) Additional payments available: <br> (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ 1,522.80 |  |
|  | (b) Months in maximum plan term after initial term | 0 |  |
|  | (c) Payments available *[multiply line 5a by line 5b]* |  | $ 0.00 |
| **Section I** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |||
| *Signatures* | **Debtor(s) [Sign only if not represented by an attorney]** <br><br> _____    _____    Date _____ <br><br> **Debtor's Attorney** /s/ Jennifer Ann Filipiak <br> _____    Date 01/29/2015 |||
| *Attorney Information (name, address, telephone, etc.)* | Robert J. Semrad & Associates <br> 20 S. Clark, 28th Floor <br> Chicago, IL 60603 <br> 312-913-0625 |||

**Special Terms** *[as provided in Section G]*

1. The allowed priority fees of Debtor's attorney shall be paid at the same priority level as payments provided for under Section E(2) of the plan.

2. Commencing 30 days after the filing of the petition, Mb Fin Svcs shall receive preconfirmation adequate protection payments in the amount of $30.00 per month.

2. Commencing 30 days after the filing of the petition, Fair Deals of Illinois Inc shall receive preconfirmation adequate protection payments in the amount of $30.00 per month.

3. Unsecured claims filed after the claim bar date are hereby disallowed and shall not be paid by the Chapter 13 Trustee.

5

**Overflow Page** *[Attach only if necessary]*

| Section C<br><br>Direct payment of claims by debtor | Creditor: _____, monthly payment, $ _____;<br><br>Creditor: _____, monthly payment, $ _____.<br><br>Creditor: _____, monthly payment, $ _____. |
|---|---|
| Section E<br><br>Disburse-ments by the truste | **2. Current mortgage payments.**<br>(c) To creditor_____, monthly payments of $_____.<br>These payments, over the term of the plan, are estimated to total $ 0.00 _____.<br>(d) To creditor_____, monthly payments of $_____.<br>These payments, over the term of the plan, are estimated to total $ 0.00 _____.<br>(e) To creditor_____, monthly payments of $_____.<br>These payments, over the term of the plan, are estimated to total $ 0.00 _____.<br><br>**3.1 *Other claims secured by value in collateral.***<br>(c) Creditor: _____ Collateral: _____<br>    Amount of secured claim: $_____ APR _____% ☐ Fixed monthly payment: $_____;<br>    Total estimated payments, including interest, on the claim: $_____. ☐Check if non-PMSI<br>(d) Creditor: _____ Collateral: _____<br>    Amount of secured claim: $_____ APR _____% ☐ Fixed monthly payment: $_____;<br>    Total estimated payments, including interest, on the claim: $_____. ☐Check if non-PMSI<br>(e) Creditor: _____ Collateral: _____<br>    Amount of secured claim: $_____ APR _____% ☐ Fixed monthly payment: $_____;<br>    Total estimated payments, including interest, on the claim: $_____. ☐Check if non-PMSI<br>(f) Creditor: _____ Collateral: _____<br>    Amount of secured claim: $_____ APR _____% ☐ Fixed monthly payment: $_____;<br>    Total estimated payments, including interest, on the claim: $_____. ☐Check if non-PMSI<br><br>**3.2 *Other secured claims treated as unsecured.***<br>(c) Creditor: _____ Collateral: _____<br>(d) Creditor: _____ Collateral: _____<br>(e) Creditor: _____ Collateral: _____<br>(f) Creditor: _____ Collateral: _____<br><br>**5. *Mortgage arrears.***<br>(c) To creditor_____,<br>arrears of $_____, payable monthly from available funds, pro rata with other mortgage arrears,<br>☐without interest /or/ ☐with interest at an annual percentage rate of _____%.<br>These arrearage payments, over the term of the plan, are estimated to total $_____.<br><br>(d) To creditor_____,<br>arrears of $_____, payable monthly from available funds, pro rata with other mortgage arrears,<br>☐without interest /or/☐ with interest at an annual percentage rate of _____%.<br>These arrearage payments, over the term of the plan, are estimated to total $_____.<br><br>(e) To creditor_____,<br>arrears of $_____, payable monthly from available funds, pro rata with other mortgage arrears,<br>☐without interest /or/☐with interest at an annual percentage rate of _____%.<br>These arrearage payments, over the term of the plan, are estimated to total $_____. |

```
                          United States Bankruptcy Court
                           Northern District of Illinois
In re:                                                              Case No. 15-02855-TAB
Trevor L Davis                                                      Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0752-1          User: nbatson              Page 1 of 2            Date Rcvd: Jan 30, 2015
                              Form ID: pdf001            Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 01, 2015.
db            +Trevor L Davis,    20012 Oregon Trail,    Olympia Fields, IL 60461-1113
22867598      +Amex,   Po Box 297871,    Fort Lauderdale, FL 33329-7871
22867599      +Amex,   P.O. Box 981537,    El Paso, TX 79998-1537
22867600      +Arnoldharris,    111 West Jackson B Suite 400,    Chicago, IL 60604-4135
22867602      +Blatt Hasenmiller,    125 S. Wacker Drive,    Suite 400,    Chicago, IL 60606-4440
22867603      +Brightwater Capital Ll,    850 Concourse Pkwy S Ste,    Maitland, FL 32751-6144
22867604     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court:   Cap One,    Po Box 85520,    Richmond, VA 23285)
22867605      +Cap One,    26525 N Riverwoods Blvd,    Mettawa, IL 60045-3440
22867606      +Capital One, N.a.,    Capital One Bank (USA) N.A.,    Po Box 30285,
                Salt Lake City, UT 84130-0285
22867607      +Cb/Harlfrn,    Po Box 182789,    Columbus, OH 43218-2789
22867609      +Fair Deals of Illinois, Inc.,    c/o GREG REITER,    30 S WACKER DR STE 1710,
                Chicago, IL 60606-7593
22867611     ++ILLINOIS DEPARTMENT OF REVENUE,    BANKRUPTCY DEPARTMENT,    P O BOX 64338,
                CHICAGO IL 60664-0338
               (address filed with court:   Illinois Dept of Revenue,    ICS Payment and Correspondence Unit,
                PO Box 19043,    Springfield, IL 62794)
22867614      +Lola Davis,    20012 Oregon Trail,    Olympia Fields, IL 60461-1113
22867615      +Mb Fin Svcs,    36455 Corporate Dr,    Farmington Hills, MI 48331-3552
22867618      +Receivables Performanc,    20816 44th Ave W,    Lynnwood, WA 98036-7744
22867619      +Stellar Recovery Inc,    4500 Salisbury Rd Ste 10,    Jacksonville, FL 32216-8035
22867621      +Trust Rec Sv,    541 Otis Bowen Dri,    Munster, IN 46321-4158
22867622     ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
                ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
               (address filed with court:   Wells Fargo Hm Mortgag,    8480 Stagecoach Cir,
                Frederick, MD 21701)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
22867597      +E-mail/Text: clientsupport@afcsonline.com Jan 31 2015 00:48:49     American Financial C,
                10333 N Meridian St Ste,    Indianapolis, IN 46290-1144
22867610      +E-mail/PDF: gecsedi@recoverycorp.com Jan 31 2015 00:41:42     Gecrb/Walmart Dc,    Po Box 965024,
                Orlando, FL 32896-5024
22867612       E-mail/Text: cio.bncmail@irs.gov Jan 31 2015 00:48:41     IRS,    P.O. Box 7346,
                Philadelphia, PA 19101-7346
22867616      +E-mail/Text: bankruptcydepartment@ncogroup.com Jan 31 2015 00:49:21     Nco Fin /99,
                Pob 15636,    Wilmington, DE 19850-5636
22867617       E-mail/Text: bankruptcydepartment@ncogroup.com Jan 31 2015 00:49:21     Osi Collect,
                507 Prudential Rd.,    Horsham, PA 19044-2308
                                                                                              TOTAL: 5

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
22867613*       IRS,   P.O. Box 7346,    Philadelphia, PA 19101-7346
22867601      ##+Blackwell recovery,    4725 N. Scottsdale Rd.,    Suite 300,    Scottsdale, AZ 85251-7629
22867608      ##+Fair Deals of Illinois Inc.,    40 N. Wells Street,    #300,    Chicago, IL 60606-3325
22867620      ##+The Bureaus Inc,    1717 Central St,    Evanston, IL 60201-1507
                                                                                   TOTALS: 0, * 1, ## 3
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2015                               Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: nbatson              Page 2 of 2              Date Rcvd: Jan 30, 2015
                              Form ID: pdf001            Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 29, 2015 at the address(es) listed below:
              Jennifer A Filipiak    on behalf of Debtor Trevor L Davis jfilipiak@robertjsemrad.com,
               rjscourtdocs@gmail.com
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                            TOTAL: 3
```